IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**ALVIN LEE JOHNSON**                                                                                   **PETITIONER**

v.                                                      CIVIL ACTION NO.: 5:23-cv-34-DCB-MTP

**SUPERINTENDENT BRAND HUFFMAN**                                                **RESPONDENT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Alvin Lee Johnson's *pro se* Petition for a Writ of Habeas Corpus [1] under 28 U.S.C. § 2254. Respondent filed a Motion to Dismiss [12] the Petition [1] as time-barred under 28 U.S.C. § 2244(d). Petitioner did not respond, and the time for doing so has long since expired. Having considered the petition, the record, and applicable law, the undersigned recommends that the Motion to Dismiss [12] be GRANTED and that the Petition [1] be DISMISSED with prejudice.

## BACKGROUND

On June 1, 2015, Petitioner Alvin Lee Johnson ("Johnson") was convicted of two counts of statutory rape in the Circuit Court of Claiborne County, Mississippi. [13-1] at 43. He was sentenced to life imprisonment in the custody of the Mississippi Department of Corrections on count one, and for fifteen years on count two, with the sentences to run concurrently. *Id*.

Johnson timely appealed through counsel. *See* [13-5]. On February 28, 2017, the Mississippi Court of Appeals affirmed Johnson's convictions and sentences in a written opinion. *See Johnson v. State*, 224 So. 3d 549 (Miss. Ct. App. 2017). Johnson's request for rehearing was denied on August 15, 2017. *Id.* Johnson did not timely file a petition for a writ of certiorari with the Mississippi Supreme Court, and his conviction became final on August 29, 2017, after the fourteen (14) day period to seek further review from the state court expired. *See* Miss. R. App.

1

P. 17(b).  Thus, the Mississippi Court of Appeals issued its mandate on September 5, 2017.  [12-3].

On September 28, 2017, Johnson submitted his first *pro se* motion for post-conviction relief ("PCR") asserting that he received ineffective assistance of counsel at trial.  [12] at 3; [13-7] at 70-76.  The Mississippi Supreme Court held that Johnson "failed to establish that any deficient performance prejudiced him," and denied Johnson's first PCR motion on January 10, 2018.  [13-7] at 49.

Almost five years later, Johnson filed a petition for a writ of certiorari with the Mississippi Supreme Court on August 31, 2022.  The Mississippi Supreme Court denied Johnson's untimely request on September 27, 2022.  *See* [12-4].

On October 12, 2022, Johnson filed his second *pro se* PCR motion.  He raised the following claims for relief: (1) his indictment was defective; (2) his convictions and sentences were the result of prosecutorial and judicial misconduct; (3) the overwhelming weight of the evidence did not support the verdicts; (4) the trial court should have instructed the jury on an accomplice theory; and (5) ineffective assistance of counsel. [12] at 3; [13-7] at 4-48.  Bolstering his weight-of-the-evidence claim, Johnson maintained his innocence and argued that Anginette Truitt, a State's witness at trial, recanted her testimony.  [13-7] at 27-33.  Johnson also attached a statement from Truitt claiming that Johnson "did not do what they said he did."  *Id*. at 45.

The Mississippi Supreme Court denied Johnson's second PCR motion on December 14, 2022, determining that it was "successive," "subject to the three-year limitations period," and "barred by res judicata."  *Id*. at 2.  Additionally, the Mississippi Supreme Court found that "Johnson [did] not [present] an arguable basis for his claims."  *Id*.

2

On April 26, 2023,[1] Johnson filed a Petition for Writ of Habeas Corpus [1]. He filed a Memorandum in Support [4] on June 12, 2023. The claims for relief presented in the Petition [1] mirror those previously asserted in Johnson's second PCR motion. Johnson again maintains his innocence and attached the same statement from Anginette Truitt alleging that Johnson "did not do what they said he did." [4] at 19; [4-3].

On January 18, 2024, Respondent Superintendent Brand Huffman ("Respondent") moved to dismiss Johnson's Petition [1] as untimely filed under 28 U.S.C. § 2244(d). *See* [12]. Johnson has not responded and the time for doing so has long since expired.

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act ("AEDPA") specifies that a petitioner seeking federal habeas relief must file a petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking [direct] review." 28 U.S.C. § 2244(d)(1)(A); s*ee also Erickson v. Davis*, 895 F.3d 372, 374 (5th Cir. 2018). The Fifth Circuit has clarified the manner of determining when a state conviction becomes final pursuant to Section 2244(d)(1)(A):

> The language of § 2244(d)(1)(A) provides that a decision becomes final by the conclusion of direct review or the expiration of the time for seeking such review. We previously held that direct review includes a petition for writ of certiorari to the Supreme Court. Therefore, the conclusion of direct review is when the Supreme Court either rejects the petition for certiorari or rules on its merits. If the conviction does not become final by the conclusion of direct review, it becomes final by the expiration of the time for seeking such review. We previously held that this includes the ninety days allowed for a petition to the Supreme Court

---

[1] The Petition [1] was stamped filed in this Court on May 3, 2023. "Under the 'mailbox rule,' a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court." *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). Johnson signed the Petition [1] on April 26, 2023. [1] at 18. The envelope which contained the Petition [1] indicates that it was delivered to prison officials on April 26, 2023. [1-2]. Weighing all doubts in Johnson's favor, the undersigned will use the earlier date of April 26, 2023, as the date that Johnson "filed" his Petition [1].

3

following the entry of judgment by the state court of last resort. If the defendant stops the appeal process before that point, the conviction becomes final when the time for seeking further direct review in the state court expires.

*Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

As previously stated, the Mississippi Court of Appeals affirmed Johnson's convictions and sentences on February 28, 2017, and denied his request for rehearing on August 15, 2017. Johnson did not timely file a petition for a writ of certiorari in accordance with Miss. R. App. P. 17(b). This failure stopped the appeals process.[2] Accordingly, his conviction became final on August 29, 2017, fourteen (14) days after his petition for rehearing was denied by the Mississippi Court of Appeals. *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (holding that, under Section 2244(d)(1)(A), a decision becomes final by the "expiration of the time for seeking such review").

Johnson's habeas petition was therefore due in this Court by August 29, 2018. Johnson filed his Petition [1] on April 26, 2023, however, more than four years after the judgment became final. Unless Johnson is entitled to statutory and/or equitable tolling under 28 U.S.C. § 2244(d)(1)(A), the instant Petition [1] is untimely.

***Statutory Tolling***

Statutory tolling is governed by 28 U.S.C. § 2244(d)(2), which states, "The time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Under 28 U.S.C. § 2244(d)(2), such a motion or application is

---

[2] *See Roberts v. Cockrell*, 319 F.3d 690, 694 & n. 14 (5th Cir. 2003) ("If the defendant stops the appeals process …, the conviction becomes final when the time for seeking further direct review in the state court expires."); *see also Jackson v. Scott*, 2009 WL 4938883 (S.D. Miss. Dec. 14, 2009).

only "properly filed" if "its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Leonard v. Deville,* 960 F.3d 164, 168 (5th Cir. 2020) (internal citations and quotations omitted). Properly filed motions do not include those filed after the federal habeas limitations period has expired. *Wion v. Quarterman*, 567 F.3d 146, 148 (5th Cir. 2009). Thus, Johnson must have properly filed an application for post-conviction relief in state court on or before August 29, 2018, to toll the federal limitations period.

Johnson filed his first PCR motion on September 28, 2017. The Mississippi Supreme Court denied that motion on January 10, 2018. As a result, the limitations period was tolled for 105 days,[3] and Johnson's deadline to file his federal habeas petition was extended to December 12, 2018.[4] *See* 28 U.S.C. § 2244(d)(2).

By the time Johnson filed his second PCR motion on October 12, 2022, the time for filing a federal habeas petition had expired. Accordingly, the second PCR motion did not toll the limitations period. *Wion*, 567 F.3d at 148; *see also Torres v. Lumpkin*, 2021 WL 6101505 (5th Cir. Oct. 6, 2021). Absent equitable tolling, Johnson's federal habeas petition thus remained due in this court on or before December 12, 2018.

*Equitable Tolling*

In addition to Section 2244(d)(2), the district court has the discretion to invoke equitable tolling in "rare and exceptional circumstances." *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999). Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Ott v. Johnson*, 184 F.3d 510, 513 (5th Cir. 1999). To be entitled to equitable tolling, a

---

[3] September 28, 2017, through January 10, 2018.

[4] August 29, 2018, plus 105 days.

petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (cleaned up). "The burden of proof rests with the petitioner, *Clarke v. Rader*, 721 F.3d 339, 344 (5th Cir. 2013), who must meet both prongs, *Manning v. Epps*, 688 F.3d 177, 185 n.2 (5th Cir. 2012)." *Young v. Mississippi*, 2021 WL 4190646, at *4 (S.D. Miss. Aug. 26, 2021).

Johnson has not carried his burden of proof on either prong. Johnson claims that the Petition [1] is timely filed because his conviction was not affirmed until "September 31, 2022," and that the Mississippi Supreme Court denied certiorari in "February 2023." [1] at 15. However, as noted, Johnson's conviction became final on August 29, 2017, due to his failure to properly file a petition for a writ of certiorari in accordance with Miss. R. App. P. 17(b). Moreover, the Mississippi Supreme Court denied Johnson's untimely petition for a writ of certiorari on September 27, 2022, not "February 2023." *See* [12-4]. A *pro se* prisoner's lack of knowledge of filing deadlines does not constitute a "rare and exceptional" circumstance to justify equitable tolling. *Felder v. Johnson*, 204 F.3d 168, 170 (5th Cir. 2000).

Additionally, Johnson cannot show that he "pursu[ed] his rights diligently." *Holland*, 560 U.S. at 649. Johnson filed his first PCR motion on September 28, 2017. He waited more than five years later, however, to file his second PCR motion on October 12, 2022. Likewise, Johnson waited nearly five years to file his first petition for a writ of certiorari with the Mississippi Supreme Court. And Johnson did not seek federal habeas review in this Court until April 26, 2023, well beyond the December 12, 2018, deadline. Accordingly, Johnson has not diligently pursued his claims and identifies no "rare and exceptional" circumstances that warrant equitable tolling. *See Arita v. Cain*, 500 F. App'x 352, 354 (5th Cir. 2012) (holding that

petitioner did not diligently pursue his claims after waiting more than four years to file his federal habeas petition).

***Actual Innocence***

Johnson now alleges that he is innocent of the crimes of which he was convicted. The Supreme Court has held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar … or, as in this case, expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). However, "tenable actual-innocence gateway pleas are rare[.]" *Id*. To succeed, a petitioner must show that "new reliable evidence" exists and that, "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329 (1995). "New reliable evidence" includes "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." *Id*. at 324. "Evidence does not qualify as new under the *Schlup* actual-innocence standard if it was always within the reach of [the petitioner's] personal knowledge or reasonable investigation." *Hancock v. Davis*, 906 F.3d 454, 465 (5th Cir. 2018) (internal citations and quotations omitted).

A habeas action is not a retrial, and Johnson enjoys no presumption of innocence. In fact, actual innocence claims "come … before the habeas court with a strong—and in the vast majority of cases conclusive—presumption of guilt." *Bosley v. Cain*, 409 F.3d 657, 664 (5th Cir. 2005) (internal citations and quotations omitted). The issue for this Court is not whether reasonable doubt may have existed if new information were presented to the jury, but rather that no reasonable juror would have found the defendant guilty. *Schlup*, 513 U.S. at 529.

Johnson argues that the "overwhelming weight of the evidence [does] not support the verdict." [1] at 10. Johnson contends that the State presented "meager evidence." [4] at 18.

7

Specifically, he claims that the victims lied about having sex with Johnson and there was no DNA evidence presented at trial to support that such acts occurred. *Id*. at 19. Johnson also claims that the testimony of witness Clifton Green is unreliable since Green offered two different statements regarding Johnson's guilt. *Id*. at 20-22. Johnson further argues that witness Anginette Truitt has since recanted her trial testimony. *Id*. at 20. In support, Johnson attaches a statement from Truitt alleging that Johnson "did not do what they said he did." [4-3]; [13-7] at 27-33; 45.

As a preliminary matter, Johnson's arguments for habeas relief mirror his trial defense—that he did not commit the crimes. [13-2] at 49-51; [13-3] at 69. Johnson's defense counsel repeatedly attempted to impeach the State's witnesses, argued that much of the accusations were rooted in speculation as there was no DNA evidence, and questioned various witnesses about whether the victims may have lied about Johnson committing the crimes. [13-2] at 75-76; 98-100; [13-3] at 13-17; 44' 54-56. Moreover, Johnson testified, maintaining his innocence. [13-3] at 69. Accordingly, Johnson's claim of innocence is not new, but the Court will nevertheless consider the argument.

1. **Lack of DNA Evidence**

Johnson contends that there was "no physical evidence – nor DNA evidence – to connect Petitioner to these alleged crimes of statutory rape." [4] at 18. Johnson claims that the failure to have a rape kit performed on one of the victims is fatal and requires reversal of his conviction and sentence. Johnson's argument does not put forth any "new evidence," however.

The police chief testified at trial and explained why a rape kit was not performed; the nurse that examined the victim determined that she "had been sexually active." [13-2] at 93. Johnson's defense counsel berated the police chief for his failure to obtain DNA evidence and

attempted to impeach him as to why such testing was not performed on the victims and Johnson. *Id*. at 98-99. Johnson therefore knew at trial that such testing was not performed and that the prosecution lacked DNA evidence. *Id*. at 98.

Moreover, such evidence is not a prerequisite to conviction. *See Buckley v. Louisiana*, 2021 WL 4742939, at *4 (E.D. La. Oct. 12, 2021) ("the lack of DNA evidence … fail[s] to establish petitioner's innocence"); *Henderson v. Stephens*, 2014 WL 1600621, at *4 (S.D. Tex. Apr. 21, 2014) ("the fact that the rape kit may not have contained [petitioner's] DNA is not proof that there was no sexual assault"); *Simpson v. Cockrell*, 2002 WL 1733713, at *1 (N.D. Tex. July 25, 2002) ("the lack of DNA evidence does not render the evidence insufficient"). The Court notes that the jury heard from multiple witnesses, including the victims, who testified that Johnson had sex with both victims on numerous occasions. [13-2] at 106-17; 127-42. Thus, Johnson's lack-of-evidence claim does not put forth any "new evidence" regarding his innocence.

### 2. Contradictions by Witness Clifton Green

Johnson attacks the credibility of witness Clifton Green,[5] who initially provided a written statement to police that the victims lied about having sex with Johnson and that he was innocent. [13-3] at 4. Two months later, however, Green's position changed. He provided another statement that Johnson had sex with at least one of the victims. *Id*. at 8. Green testified at trial regarding both statements. He explained that he lied when he provided his initial statement because he was "high" on crack cocaine, "threatened," and "scared." *Id*. at 6. Green claims that his second statement sought to provide the truth, that he had seen Johnson have sex with one of the victims and Johnson "trying … to do that type [of] stuff" with the other. *Id*. at 11-13.

---

[5] Clifton Green is the uncle to both victims.

Green's contradictory statements have always been "within the reach of [Johnson's] personal knowledge[.]" *Hancock*, 906 F.3d at 465. Indeed, Johnson's defense counsel endeavored to impeach Green with his prior inconsistent statements at trial. *Id*. at 13-18. Johnson, therefore, has not provided any "new evidence" regarding the reliability of Clifton Green to support his actual-innocence claim.

### 3. Anginette Truitt's Statement

Johnson claims that witness Anginette Truitt, who testified at trial regarding some "sexual occasion in the vehicle" between Johnson and one of the victims, has since recanted her trial testimony "to let the truth be told." [4] at 19. Truitt, one of the victim's best friends, was "told what to say by the prosecutor," says Johnson. *Id*. At trial, Truitt testified that she saw one of the victims get into a car with Johnson and "they drove around by the pool." [13-2] at 148. Notably, Truitt never testified that she saw Johnson touch or have sex with either of the victims. *Id*. at 146-51.

Now, Johnson offers Truitt's statement in support of his innocence and suggests that she has recanted her trial testimony. Truitt states that the prosecutor "told me to say I knew Alvin Johnson because I did," that Johnson "never touched" either of the victims, and that Johnson "did not do what they said he did." [4-3]. Truitt's statement cannot be fairly characterized as "recanting" her trial testimony.

As noted, Truitt never claimed at trial that Johnson had sex with either victim. She only testified that she saw one of the victims enter the car Johnson was driving and that she did not see the victim again until thirty minutes later. [13-2] at 145-51. Truitt's statement regarding Johnson's "innocence" does not demonstrate that she has recanted her trial testimony.

10

Even assuming Truitt recanted, "[r]ecanted testimony is obviously suspect." *Tate v. Parker*, 2010 WL 2606045, at *5 (S.D. Miss. June 22, 2010) (citing *Spence v. Johnson*, 80 F.3d 989, 1003 (5th Cir. 1996)). Moreover, this Court cannot conclude that it is more likely than not that no reasonable juror would have found Johnson guilty beyond a reasonable doubt considering Truitt's statement. As mentioned, the jury heard from multiple witnesses, including the victims, who testified that Johnson had sex with both victims on numerous occasions. [13-2] at 106-17; 127-42.

Having reviewed Johnson's pleadings, he has not submitted any new evidence that was not presented at trial or available at trial that persuades the undersigned that "in light of the evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin*, 569 U.S. at 386. Johnson has not offered any newly discovered evidence in the form of scientific evidence, physical evidence, or trustworthy eyewitness testimony. *Schlup*, 513 U.S. at 327. Accordingly, Johnson's submissions fall far short of demonstrating actual innocence.

## CONCLUSION

Johnson's state court judgment became final on August 29, 2017. Based upon the one-year limitation period found in 28 U.S.C. §2244(d)(1)(A) and the statutory tolling period found in 28 U.S.C. § 2244(d)(2), Johnson was required to file his federal habeas petition by December 12, 2018. Johnson filed his Petition [1] on April 26, 2023. Johnson has failed to establish that additional statutory or equitable tolling is appropriate, nor has he presented new or reliable evidence such that no reasonable juror would conclude that he is guilty. Accordingly, he cannot avoid the statutory bar of 28 U.S.C. § 2244(d).

**RECOMMENDATION**

For the reasons set forth above, the undersigned recommends that Respondent's Motion to Dismiss [12] be GRANTED and that the Petition for Writ of Habeas Corpus [1] be DISMISSED with prejudice.

**NOTICE OF RIGHT TO OBJECT**

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. L.U. Civ. R. 72(a)(3). The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 16th day of April, 2024.

s/Michael T. Parker<br>
United States Magistrate Judge