```
        IN THE UNITED STATES DISTRICT COURT
      OF THE SOUTHERN DISTRICT OF MISSISSIPPI
                   WESTERN DIVISION
```

ALVIN LEE JOHNSON                                        PETITIONER

VS.                            Civil Action No.: 5:23-cv-34-DCB-MTP

SUPERINTENDENT BRAND HUFFMAN                              DEFENDANTS

ORDER ON MOTION TO RECONSIDER

This matter comes before the Court on Petitioner Alvin Lee Johnson's Motion for Reconsideration. [ECF No. 25]. In this motion, Johnson reasserts his previous Rule 60(b) motion to set aside this Court's judgment [ECF No. 24] in which he asked the Court to set aside its dismissal of his habeas petition for untimely filing.

I.   Background

On May 8, 2024, this Court entered an Order and Final Judgment adopting Magistrate Judge Parker's Report and Recommendation and dismissing this case as barred by the statute of limitations. [ECF Nos. 15, 16]. The Court noted that Magistrate Judge Parker "determined that the Petition is time-barred under 28 U.S.C. § 2244(d) and recommended that the Court grant Respondent's Motion and dismiss the case with prejudice." [ECF No. 15] at 1.

On November 13, 2024, Petitioner filed a Rule 60(b) motion to set aside the Court's judgment. [ECF No. 21]. The Court denied Petitioner's motion because he presented no grounds for such

action; he merely asserted that the Court should consider the merits of his petition despite finding that it was time-barred. [ECF No. 24]. Now, Johnson asks this Court to reconsider its decision denying his Rule 60(b) motion and to set aside its final judgment in this case.

II. Legal Standard

Under Rule 60(b) of the Federal Rules of Civil Procedure, a court may relieve a party from a final judgment due to:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rul 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

"Motions . . . to alter or amend a judgment . . . cannot be used to raise arguments which could, and should, have been made before the judgment issued. Moreover, they cannot be used to argue a case under a new legal theory." Simon v. U.S., 891 F.2d 1154, 1159 (5th Cir. 1990) (quoting Fed. Deposit Ins. Corp. v Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986))

(internal quotation marks omitted). "Motions to reconsider are not appropriate to raise arguments that could or should have been made previously or to re-urge matters that a court has already considered." <u>Pro-Logistics Forwarding (pty) Ltd. v. Robison Tire Co., Inc.</u>, No. 2:13cv83, 2014 WL 1330960, at *1 (S.D. Miss. Apr. 2, 2014) (quoting <u>Centre One v. Vonage Holdings Corp.</u>, No. 6:08cv467, 2010 WL 3257642, at *1 (E.D. Tex. Aug. 17, 2010)) (internal quotation marks omitted).

III. Analysis

Johnson argues that this Court has jurisdiction to reconsider its decision to dismiss Petitioner's case because the dismissal was a "previous ruling which precluded a merits determination . . . in error." [ECF No. 25] at 3. He asserts that his Rule 60(b) motion is properly before the Court at this time because "there has been no factual determination on the merits of the claims set forth and the Court erroneously dismissed Johnson's first habeas petition as being time barred." <u>Id.</u> at 3-4. Johnson does not explain why the Court's decision to dismiss the case as time-barred was in error, but instead asserts that this Court has jurisdiction to consider his Rule 60(b) motion because the final judgment in this case did not consider the merits of his habeas petition. [ECF No. 25] at 3, 5.

In its final judgment, the Court adopted Magistrate Judge

3

Parker's finding that Johnson's "conviction became final on August 29, 2017, the Petition was accordingly due on August 29, 2018, the Petition was filed four years later on April 26, 2023, and Petitioner is neither entitled to statutory nor equitable tolling under 28 U.S.C. § 2244(d)(1)(A)." [ECF No. 15] at 1-2 (citing [ECF No. 14] at 4-6). Petitioner has not presented the Court with legitimate basis upon which it might reconsider its earlier finding that his case was time-barred, and the Court declines to reconsider its earlier orders denying Petitioner's habeas petition and denying his Rule 60(b) motion.

Johnson explains that his Rule 60(b) motion should not be considered a second-or-successive habeas petition because he "merely asserts that a previous ruling which precluded a merits determination was in error." [ECF no. 25] at 3. It is true that the Supreme Court has held that when a "petitioner's Rule 60(b) motion challenges only the District Court's previous ruling on the AEDPA statute of limitations, it is not the equivalent of a successive habeas petition." Gonzalez v. Crosby, 545 U.S. 524, 535-36, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005). However, Johnson has stated no basis upon which this Court might find that its earlier statute-of-limitations decision was in error. Johnson also attempts to re-argue the same claims he asserted in his habeas petition, and the Court

4

again emphasizes the fact that he has presented no argument for why the Court should consider his substantive claims. Furthermore, as stated above, a motion for reconsideration cannot "re-urge matters that a court has already considered." Pro-Logistics Forwarding (pty) Ltd. 2014 WL 1330960, at *1 (quoting Centre One v. Vonage Holdings Corp., 2010 WL 3257642, at *1. Johnson's entire motion consists of arguments this court has previously considered; therefore, it is denied.

IV. Conclusion

It is therefore ORDERED AND ADJUDGED that Petitioner Johnson's Motion for Reconsideration is DENIED.

SO ORDERED this 30th day of April, 2025.

                                               /s/ David Bramlette
                                               DAVID C. BRAMLETTE
                                               UNITED STATES DISTRICT JUDGE